IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior District Judge Richard P. Matsch

Civil Action No.   98-cv-00987-RPM

ROY SYLVESTER PARROTT,

           Plaintiff,

v.

UNITED STATES OF AMERICA and
CHARLES ROWE,

           Defendants.
_____

ORDER FOR DISMISSAL OF DEFENDANT CHARLES ROWE AND FOR DISMISSAL
OF CROSS CLAIM
_____

      Roy Sylvester Parrott seeks compensation for injuries sustained in a fight with Jose Perez-Amador ("Perez") on the evening of April 4, 1997, while they were housed in the same cell in the Special Housing Unit (SHU) at the United States Penitentiary in Florence, Colorado ("USP Florence").  In addition to his claim against the United States under the Federal Tort Claims Act, the plaintiff claims that Charles Rowe, who was then employed by the Federal Bureau of Prisons ("BOP") as a SHU Lieutenant, is individually liable under the doctrine announced in Bivens v. Six Unknown Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1971) for a violation of the Eighth Amendment to the United States Constitution as interpreted and applied in Farmer v. Brennan, 511 U.S. 825 (1994).  To establish that claim Parrott must prove that Rowe

was deliberately indifferent to the safety of the plaintiff by placing Perez in the cell knowing that this inmate had such a propensity to violence that he presented a serious and substantial risk to the safety of any inmate housed with him. Parrott has not attempted to show that there was any previous contact between him and Perez or any other basis for inferring any particular animosity that may have motivated an attack by Perez.

In response to Rowe's motion for summary judgment, the plaintiff offers proof that Rowe knew that Perez fought with his then cell mate, Donald Boman, on March 18, 1997, because Rowe reported it in a memorandum of that date (Exhibit 4) and that he should be charged with constructive knowledge of other incidents as described in reports of investigation in BOP records. (Exhibits 2 and 5) The latter exhibit is a report of an altercation with a correctional officer on March 21, 1997.

In his affidavit, Parrott says that one of the correctional officers who brought Perez into the cell said that Rowe had given an order to move Perez into the plaintiff's cell.

Additionally the plaintiff suggests that Rowe was one of a group of rogue correctional officers in Florence investigated by the FBI resulting in an indictment of seven correctional officers for a criminal conspiracy to subject inmates to cruel and unusual punishment. In the course of the prosecution of those defendants, government lawyers named Rowe as an unindicted co-conspirator for purposes of F.R.E. 801(d)(2)(E), (Exhibit 11). Only three of the seven indicted guards were convicted at trial.

The plaintiff has also submitted reports of misconduct by Rowe in the records of BOP Office of Internal Affairs.

Rowe has submitted his affidavit and those of other BOP employees who worked in the SHU to support his motion. Rowe expressly denies that he gave any orders to put Perez in Parrott's cell; avers that he had no authority to do so because he was not the Officer in Charge at the time and that all inmates of the SHU were in two-man cells excepting those placed on "single cell" or "separated" status by the Special Investigative Services unit. Perez was not so designated. The psychological reports on him did not indicate any need for such designation. Rowe's affidavit also contains a description of conditions in the SHU where fighting and assaultive behavior are commonplace. The other affidavits corroborate Rowe's description of those conditions and BOP procedures.

The proffer by the plaintiff to support his claim against Rowe is insufficient because it contains evidence not admissible as hearsay excluded by F.R.E. 802 and seeks to show other bad acts to prove conforming conduct contrary to F.R.E. 404(b).

The defendant's motion is phrased in terms of qualified immunity. The motion is granted on a broader basis. The plaintiff has failed to show admissible evidence to establish the requisite participation by defendant Rowe in the placement of Perez in the cell and failed to show the requisite intent or state of mind necessary to prove the Eighth Amendment violation alleged against him.

The government moved to dismiss Rowe's cross-claim for defense costs and

indemnification. That motion is moot as to indemnification and is denied as to the costs of defense because the Department of Justice decision not to provide a defense is not reviewable in this court.

Upon the foregoing, it is

ORDERED that the motion of Charles Rowe for Summary Judgment is granted and the Clerk will enter judgment of dismissal of this civil action as to him, and it is

FURTHER ORDERED that the cross-claim of defendant Charles Rowe against defendant United States of America is dismissed.

DATED: October 27th, 2005

                                        BY THE COURT:

                                        s/Richard P. Matsch
                                        _____
                                        Richard P. Matsch, Senior District Judge

Civil Action No.    98-cv-00987-RPM

I do hereby certify that I have mailed a copy of the attached to the following:

Dated: October 27, 2005

                              GREGORY C. LANGHAM, CLERK


                                s/ Leslie A. Martin
                    By_____
                                 Deputy


Roy Sylvester Parrott #295932
Wallens Ridge State Prison
272 Dogwood Dr.
P.O. Box 759
Big Stone Gap, VA 24219